UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RBW STUDIO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE RUSHING COMPANY, LLC, EITEL ASSOCIATES, LLC, COLUMBIA HOSPITALITY, INC, LAKE UNION PARTNERS SEATTLE, LLC,<br><br>Defendants. | CASE NO. 2:24-cv-00763-JHC<br><br>ORDER GRANTING THE RUSHING COMPANY, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS |

# I
### INTRODUCTION

This matter comes before the Court on The Rushing Company, LLC's Rule 12(c) Motion for Judgment on the Pleadings. Dkt. # 39. RBW Studio, LLC[1] is a designer and manufacturer of unique light fixtures that owns patents for the Cinema chandelier. Dkt. # 1 at 2, 5–6, ¶¶ 5, 23, 28–29. RBW claims that Defendants violated federal and state laws by installing a similar chandelier in the State Hotel. Rushing seeks dismissal under Federal Rule of Civil Procedure

---

[1] During the events giving rise to this dispute, RBW conducted business as "Rich Brilliant Willing, LLC." Dkt. # 1 at 6, ¶ 30.

ORDER GRANTING THE RUSHING COMPANY,
LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 1

12(c), contending that RBW fails to state a claim upon which relief can be granted. Dkt. # 39. The other Defendants, Lake Union Partners Seattle, LLC, Eitel Associates, LLC, and Columbia Hospitality, Inc., join Rushing's motion to the extent that it seeks dismissal of RBW's unfair competition claim under the Washington Consumer Protection Act (WCPA). Dkt. # 48. The Court has reviewed the materials filed in support of and in opposition to the motion, the rest of the case file, and the governing law. Being fully advised, the Court GRANTS Rushing's motion. And the Court GRANTS RBW leave to amend its complaint.

## II
### BACKGROUND

Because Rushing brings its motion under Rule 12(c), the Court takes as true the facts alleged in the complaint. Dkt. # 1. On March 9, 2017, RBW applied for a design patent for the Cinema chandelier, a triple-tiered light fixture with spherical bulbs. *Id.* at 5, ¶ 23, 26. On November 9, 2017, while the patent application was pending, RBW provided a quote for the Cinema chandelier to Defendants, each of whom helped redevelop the State Hotel. *Id.* at 2–3, 6, ¶¶ 6–16, 30–31. Rather than buying the Cinema chandelier from RBW, Defendants had contractors design a cheaper replica (the Accused Light Fixture) and installed it in the State Hotel at some point before late 2022. *Id.* at 6–7, ¶¶ 32–34. Rushing is an architectural and interior design firm. *Id.* at 2, ¶ 9. To promote its work, Rushing uses photos of the State Hotel that include the Accused Light Fixture. *Id.* at 10–11, ¶¶ 45, 50.

On June 18, 2019, the U.S. Patent and Trademark Office issued Patent No. D851,806 ('806 Patent) for the Cinema chandelier. *Id.* at 5, ¶ 28. On November 7, 2023, the U.S. Patent and Trademark Office issued Patent No. D1,004,180 ('180 Patent) for the spherical bulb of the chandelier. *Id.* at 6, ¶ 29.

ORDER GRANTING THE RUSHING COMPANY,
LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 2

RBW filed a complaint against Defendants,[2] bringing: (1) a patent infringement claim under 35 U.S.C. § 271; and (2) an unfair competition claim under the WCPA, RCW 19.86.020, *et seq*. *Id.* at 7–15.  RBW seeks damages and an injunction requiring removal of the Accused Light Fixture from the State Hotel and enjoining Defendants from further infringing the '806 or '180 Patents.  *Id.* at 15–16.

### III
### DISCUSSION

The standards for deciding a Federal Rule of Civil Procedure 12(b)(6) motion and a Rule 12(c) motion are "functionally identical." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (citation omitted).  In reviewing a motion to dismiss under Rule 12(c), a court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the non-moving party.  *Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that [they are] entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

A.    RBW does not State a Patent Infringement Claim Against Rushing

Subject to exceptions, a defendant infringes a patent if the defendant "makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent." 35 U.S.C. § 271(a).  A defendant can infringe a patent with a replica of a patented product.  *See PUMA SE v. Brooks Sports, Inc.*, 2024 WL 2161215, at *4 & n.6 (W.D. Wash. May 14, 2024).

RBW does not dispute that a patent infringement claim cannot be based on actions that took place before issuance of the patent.  *See* Dkt. # 52 at 9–11.  Rather, RBW alleges that, after

---

[2] RBW voluntarily dismissed without prejudice Defendant Weinstein AU, PLLC.  Dkt. # 38.

ORDER GRANTING THE RUSHING COMPANY,
LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 3

issuance of the patents, Rushing promoted its work with photos of the State Hotel that included the Accused Light Fixture. Dkt. # 1 at 11, ¶ 50. For example, Rushing displays such a photo on its website. *Id.* at 10, ¶ 45. The question is whether including the Accused Light Fixture in photos used to promote architectural and interior design services constitutes infringing "use" of the Accused Light Fixture or an "offer to sell" it.

RBW does not adequately allege that Rushing's inclusion of the Accused Light Fixture in photos used to promote its work constitutes infringing "use" under § 271(a). Merely displaying a product, "even in an obviously commercial atmosphere" does not constitute infringing "use." *Med. Sols., Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130, 134 (D.D.C. 2006), *aff'd*, 541 F.3d 1136 (Fed. Cir. 2008) (quoting *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1269, 1286 (N.D. Cal. 1991)). RBW cites no contrary authority. Dkt. # 52 at 9–11.

Nor does RBW adequately allege that Rushing made an "offer to sell" the Accused Light Fixture. "An 'offer for sale' sufficient to give rise to liability for patent infringement must meet the traditional contract law definition of that term." *Superior Indus., LLC v. Thor Glob. Enters. Ltd.*, 700 F.3d 1287, 1294 (Fed. Cir. 2012). A defendant must communicate a "willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Id.* (quoting *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005)).

Someone viewing Rushing's promotional materials could only ask about—not accept an offer to sell—the Accused Light Fixture. RBW does not allege that Rushing sells light fixtures or that Rushing listed a price for the Accused Light Fixture. *See Buergofol GmbH v. Omega Liner Co., Inc.*, 2023 WL 4106673, at *3 (D.S.D. June 21, 2023) (dismissing a patent infringement claim "[b]ecause price terms are necessary for an offer for sale"). RBW cites *Milo & Gabby, LLC v. Amazon.com, Inc. (Milo & Gabby II)*, but there the court denied summary

ORDER GRANTING THE RUSHING COMPANY,
LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 4

judgment because the product was, among other things, listed on the defendant's website with a price. 2015 WL 4394673, at *14 (W.D. Wash. July 16, 2015).

RBW asserts that whether Rushing's use of photos including the Accused Light Fixture constitutes infringing "use" or an "offer to sell" is "a question of fact that need not be addressed for purposes of overcoming a 12(c) motion." Dkt. # 52 at 11. RBW cites *Richardson v. Stanley Works, Inc.*, for a general proposition that "[d]esign patent infringement is a question of fact." 597 F.3d 1288, 1295 (Fed. Cir. 2010). But in *Richardson*, the Federal Circuit held that whether an accused product would deceive an "ordinary observer" into believing that it was the patented design was a question of fact. *Id.* The Federal Circuit did not hold that any design patent infringement claim necessarily overcomes a motion to dismiss. To be sure, whether the Accused Light Fixture resembles the Cinema chandelier may not be not well-suited for resolution on the pleadings. But the Court need not reach this question because RBW fails to adequately allege that Rushing "used" or "offered to sell" the Accused Light Fixture under § 271(a). [3]

The Court dismisses the patent infringement claim against Rushing without prejudice and with leave to amend.

B.     Federal Patent Law Preempts the WCPA Claim

Whether federal patent law preempts a state-law claim is determined under Federal Circuit law.[4] *Amgen Inc. v. Sandoz Inc.*, 877 F.3d 1315, 1325–26 (Fed. Cir. 2017). Because

---

[3] As accessed at the time of issuing this Order, the link RBW provides in its complaint to Rushing's website does not show any photos including the Accused Light Fixture. Dkt. # 1 at 10, ¶ 45 (referring to https://rushingco.com/projects/the-state-hotel-2nd-and-pike/). In its reply, Rushing provides one of its photos of the State Hotel including the Accused Light Fixture. Dkt. # 55 at 3. But the Court declines to consider the photo by converting Rushing's 12(c) motion into a motion for summary judgment. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 363 n.9 (9th Cir. 2005).

[4] Rushing cites *Milo & Gabby, LLC v. Amazon.com, Inc. (Milo & Gabby I)*, for the proposition that federal patent law can preempt a WCPA claim when the WCPA claim "merely restates" a federal patent law claim. 12 F. Supp. 3d 1341, 1347 (W.D. Wash. 2014). The Court agrees with this proposition

ORDER GRANTING THE RUSHING COMPANY,
LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 5

federal patent law does not expressly provide for preemption and Congress did not intend to exclusively occupy the field of unfair competition law, the issue is conflict preemption. *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377 (Fed. Cir. 2005); *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 166 (1989) (Congress has indicated that "the law of unfair competition" is "consistent with the balance struck by the patent laws."). "Conflict preemption occurs when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Ultra-Precision Mfg., Ltd.*, 411 F.3d at 1377 (quotation marks and citation omitted).

Federal patent law aims to "foster and reward invention" by "creat[ing] a limited opportunity to obtain a property right in an idea." *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979); *Bonito Boats, Inc.*, 489 U.S. at 976–77. In determining what products can be patented, Congress struck a balance between maintaining "free competition in the exploitation of unpatented designs" and encouraging public disclosure of innovations by ensuring legal protections for certain inventions. *Bonito Boats, Inc.*, 489 U.S. at 977–78. "State law protection for techniques and designs whose disclosure has already been induced by market rewards may conflict with the very purpose of the patent laws by decreasing the range of ideas available as the building blocks of further innovation." *Id.* at 978. Thus, "[f]ederal law preempts state law that offers 'patent-like protection' to discoveries unprotected under federal patent law." *Ultra-Precision Mfg., Ltd.*, 411 F.3d at 1377–78 (quoting *Bonito Boats, Inc.*, 489 U.S. at 156). But the Supreme Court has reiterated that "[s]tate law is not displaced merely because the contract relates to intellectual property which may or may not be patentable; the states are free to regulate

---

for the reasons discussed in this Order but does not rely on the preemption analysis in *Milo & Gabby I* because it is based on Ninth Circuit law. *Id.* at 1347–48.

ORDER GRANTING THE RUSHING COMPANY,
LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 6

the use of such intellectual property in any manner not inconsistent with federal law." *Bonito Boats, Inc.*, 489 U.S. at 979–80 (quoting *Aronson*, 440 U.S. at 262).

The question whether a state unfair competition claim is preempted because the state law offers "patent-like protection" can overlap with the question whether a plaintiff has stated a state unfair competition claim at all. Federal patent law does not preempt a state-law claim if the claim: (1) requires proof of elements not required for a patent law claim; and (2) does not, as a practical matter, offer protections like those offered by federal patent law. *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999). Even if a state-law claim requires proof of elements beyond those required for a patent law claim, however, the claim may be preempted if the plaintiff fails to adequately allege those other elements. For example, in *Samiam Grp., LLC v. Coopersburg Assocs., Inc.*, a plaintiff bringing a patent claim also brought a Pennsylvania common law unfair competition claim, which required that the defendant engaged in "deceptive marketing." 650 F. Supp. 3d 295, 317 (E.D. Pa. 2023). In holding that federal patent law preempted the Pennsylvania unfair competition claim, the court reasoned that because there was nothing deceptive about the defendant's conduct, "[t]he only evidence of unfair competition that remains is [the plaintiff's] evidence of potential patent infringement." *Id.* at 319.

Federal patent law preempts RBW's WCPA claim. Under the WCPA, a plaintiff must establish five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). The "unfair or deceptive act" element is not required to state a patent claim. *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1373 (Fed. Cir. 1994). But as

ORDER GRANTING THE RUSHING COMPANY,
LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 7

discussed below, RBW does not adequately allege this element in a manner consistent with federal patent laws.

RBW says that it alleges an "unfair or deceptive act" in various ways. To show that its WCPA claim requires proof of elements not required for a patent law claim, RBW breaks down "unfair or deceptive act" into "unfair" and "deceptive." Dkt. # 52 at 13–15. RBW further breaks down "unfair" by asserting that Defendants' practices offend public policy, are "immoral, unethical, oppressive, [and] unscrupulous," and "cause[] substantial injury to consumers." *Id.* at 15–19 (quoting *Rush v. Blackburn*, 361 P.3d 217, 224–25 (Wash. Ct. App. 2015)). But all these sub-elements are based on one allegation: to save money, Defendants "misappropriated the information, time, skill, experience and financial resources invested by RBW in the research, design and development of the Cinema™ chandeliers." Dkt. # 1 at 13, ¶ 65. Thus, the Court addresses these contentions together.

RBW does not adequately allege that Defendants engaged in an "unfair or deceptive act" in a manner consistent with federal patent laws. RBW only makes conclusory allegations that Defendants acted in "bad faith" and "misappropriated" information about the Cinema chandelier. *Id.* at 13, ¶¶ 65–66; *see Flocast, LLC v. Movi Fam., LLC*, 2024 WL 3163485, at *11–12 (N.D.N.Y. June 25, 2024) (dismissing a New York common law unfair competition claim because conclusory allegations of bad faith cannot "transform" a patent claim into an independent unfair competition claim). RBW asserts that Defendants were deceptive because they failed to disclose: (1) that they did not intend to buy the Cinema chandelier; and (2) that they intended to copy its design. Dkt. # 52 at 14. Assuming arguendo that such conduct could be construed as "unfair or deceptive"—which may be a leap—such a WCPA claim would be preempted because federal patent law allows copying a product available to the public. *See*

*Bonito Boats, Inc.*, 489 U.S. at 160 (federal patent law preempts a state law prohibiting the "reverse engineering of a product in the public domain").

RBW's remaining contentions are unpersuasive but show that granting leave to amend its complaint would not be futile. RBW says that it obtained facts through informal discovery to support an allegation that Defendants induced RBW to provide confidential business information. Dkt. # 52 at 13–14. The Court does not consider these new facts because they fall outside the pleadings.[5] Fed. R. Civ. P. 12(d). But the Court grants RBW leave to amend because federal patent law does not preempt a state unfair competition claim based on a defendant's improperly acquiring confidential information about a product. *See Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496, 507–08 (S.D.N.Y. 2018) (denying a motion to dismiss a New York common law unfair competition claim because the plaintiff alleged that the defendants pretended to form a partnership with the plaintiff to obtain confidential information).

RBW also says that Defendants' use of the Accused Light Fixture is "unfair" because it violates the policy of the Lanham Act, 15 U.S.C. § 1125, which prohibits trademark infringement. Dkt. # 52 at 16. A finding of trademark infringement under the Lanham Act can constitute an "unfair or deceptive act." *Amazon.com, Inc. v. Acar*, 2024 WL 4504749, at *4 (W.D. Wash. Oct. 15, 2024). But RBW does not bring a Lanham Act claim. Nor does RBW provide support for its suggestion that the policy of the Lanham Act could support a WCPA claim involving a patent. As currently pleaded, the WCPA claim improperly seeks to provide

---

[5] RBW also contends that Defendants' conduct is "unfair" under the WCPA because "Defendants copied images from RBW's website without RBW's authorization, consent, or knowledge, and without any remuneration to RBW." Dkt. # 52 at 16. But RBW does not cite allegations in its complaint to support this contention. To the extent that this contention is based on facts different from those supporting a claim that Defendants induced RBW to provide confidential information, the Court rejects it for lack of specificity.

ORDER GRANTING THE RUSHING COMPANY,
LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 9

"patent-like protection" to the Cinema chandelier for the period between RBW's providing Defendants with a quote and acquiring its design patents.[6]

The Court dismisses the WCPA claim against Defendants without prejudice and with leave to amend.

## IV
## CONCLUSION

For these reasons, the Court GRANTS Rushing's motion to dismiss. The Court DISMISSES both the patent infringement claim against Rushing and the WCPA claim against Defendants without prejudice and with leave to amend. The Court GRANTS RBW leave until January 7, 2025 to file an amended complaint; such leave is limited to the claims dismissed here.

Dated this 17th day of December, 2024.

*John H. Chun*
John H. Chun
United States District Judge

---

[6] Because RBW has not adequately alleged that Defendants caused "substantial injury" to RBW distinct from patent infringement, the Court rejects RBW's assertion that Defendants' conduct is "unfair" because it causes such injury to other consumers. Dkt. # 52 at 18–19 (quoting *Rush*, 361 P.3d at 224–25).